1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  DEBORAH JOHNSON MIRANDA, an
   individual, on behalf of herself and others
10 similarly situated

CIVIL ACTION NO.

11                          Plaintiff,

NOTICE OF REMOVAL OF CIVIL
ACTION TO UNITED STATES
DISTRICT COURT (CAFA AND
DIVERSITY)

12      vs.

13 CONSUMER DIRECT CARE NETWORK
   WASHINGTON, LLC, a Washington
14 Limited Liability Company,

15                          Defendant.

16

17 TO:        The Clerk of the Court;

18 AND TO;    Plaintiff Deborah Johnson Miranda.

19     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453,

20 Defendant Consumer Direct Care Network Washington, LLC ("Defendant" or "CDWA") hereby

21 removes the above-captioned action from the Superior Court of the State of Washington in King

22 County to the United States District Court for the Western District of Washington.  This Court has

23 original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28

24 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and, as alleged, the amount in

25 controversy exceeds $5 million.  Alternatively, Defendant removes this action pursuant to 28

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

U.S.C. §§ 1331, 1332 and 1441 and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446. Removal is proper on the following grounds:

## I.      PROCEDURAL BACKGROUND

1.       On June 28, 2022 Deborah Johnson Miranda ("Plaintiff") filed a putative class action in the Superior Court of the State of Washington for the County of King, entitled *Deborah Johnson Miranda v. Consumer Direct Care Network Washington, LLC*, No. 22-2-09950-0 SEA (the "Complaint" or "State Court Action").

2.       The above-captioned matter is a civil class action, wherein Plaintiff seeks to represent the following class: "All hourly, non-exempt homecare employees who worked for Consumer Direct in Washington who experienced delays or discrepancies in their pay from October 1, 2021 to the date of certification of the class" (hereinafter, the "Class"). Complaint ¶5.2. Plaintiff seeks damages and other relief.  (See generally, Complaint).  Plaintiff asserts the following two causes of action against Defendant on behalf of herself and the Class: (1) Failure to Pay Wages Owed and (2) Willful Withholding of Wages in Violation of Washington law.  A copy of the Summons and Complaint and Order Setting Civil Case Schedule, as well as the Proof of Service, are attached to the Declaration of Aaron D. Goldstein ("Goldstein Decl.") as Exhibits A, B and C (respectively), filed concurrently herewith, and incorporated here by reference.

3.       Plaintiff served the above-captioned Summons and Complaint on Defendant's agent for service of process on July 1, 2022. *See* Goldstein Decl. ¶ 2, Exhibit C.

4.       Attached as Exhibit A hereto is a true and correct copy of the Summons and Complaint filed in the State Court Action and served on CDWA on July 1, 2022.  Attached as Exhibit B hereto is a true and correct copy of the Order Setting Civil Case Schedule.  Attached as Exhibit C hereto is a true and correct copy of the Service of Process Notice.  The Summons and Complaint (Exhibit A), Order Setting Civil Case Schedule (Exhibit B) and Service of Process Notice (Exhibit C) constitute all of the pleadings, process, and orders served in the State Court

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Action. *See* Goldstein Declaration ¶ 2, Exhibits A-C.

5.      Pursuant to Western District of Washington Local Rule 101(b), attached as Exhibit A to the Verification of Records and Proceedings in State Court is a true and correct copy of the Summons and Complaint which were served on Defendant.

6.      Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty (30) days after service on Defendant on July 1, 2022, and is therefore timely.

7.      A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. §§ 1331, 1441(a) and (b), and/or 1446(b)(3).

8.      This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453.

9.      Alternatively, this court also has original jurisdiction of this action under 28 U.S.C. § 1332 because it is a civil action between citizens of different states where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Thus, this action is properly removed to this Court by Defendant, pursuant to 28 U.S.C. § 1441(a).

## II.      THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

10.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

11.      This action is brought by a putative representative person on behalf of a proposed class of more than 40,000 individuals. *See* Exhibit A (Complaint, ¶ 4.5, 4.8, 5.5(a)). As such, this matter is a purported class action as set forth in 28 U.S.C. § 1332(d).

12.      The Complaint could have been filed in this Court under 28 U.S.C. § 1332(d) because (i) this matter is brought as a class action under Washington CR 23, (ii) diversity of citizenship exists between one or more members of the putative Class and Defendant, and, (iii) accepting only for the purposes of this removal, Plaintiff's allegations, the amount in controversy

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446, and 1453.[1].

### A.    Diversity of Citizenship Exists

#### 1.    Citizenship of Plaintiff.

13.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

14.    As pled in Plaintiff's Complaint, Plaintiff is a resident of Shoreline, Washington in King County, Washington. *See* Exhibit A (Complaint, ¶ 21).  "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Accordingly, Plaintiff is a citizen of Washington for purposes of determining diversity, 28 U.S.C. § 1332(a).

#### 2.    Citizenship of Putative Class Members.

15.    Plaintiff seeks to represent the following Class: "All hourly, non-exempt homecare employees who worked for Consumer Direct in Washington who experienced delays or discrepancies in their pay from October 1, 2021 to the date of certification of the class".  Complaint ¶5.2.  By Plaintiff's own definition, the putative Class performed work as homecare employees in the state of Washington.

---

[1]    Defendant does not concede and reserves the right to contest, at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action and/or representative action. Defendant further does not concede the merits of any of Plaintiff's allegations or that they constitute a cause of action under applicable Washington law.

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 4

4864-4825-3993\

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

16.    According to  Defendant's business records, on information and belief, no one in the putative Class resides in or is a citizen of  the states of Montana or Delaware.  *See* Declaration of Ben Bledsoe ("Bledsoe Decl."), ¶ 9.

### 3.    Citizenship of Defendant.

17.    Defendant is a limited liability company. A limited liability company is a "citizen" of all states where its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

18.    Defendant Consumer Direct Care Network Washington, LLC is a citizen of the state of Montana.  It has two members, Consumer Direct Holdings, Inc. and The Home Care Workers Purpose Trust.  Bledsoe Decl., ¶ 4, Exhibit A.

19.    Consumer Direct Holdings, Inc. is a Montana corporation with its principal place of business in Missoula, Montana.  Bledsoe Decl., ¶ 5; Goldstein Decl. ¶ 4, Exhibit E.   A corporation is a "citizen" of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c). Consumer Direct Holdings, Inc. has, and has at all relevant times, had its corporate headquarters and principal place of business in Missoula, Montana. *See* Bledsoe Decl. ¶ 5.   Consumer Direct Holdings, Inc.'s Missoula, Montana headquarters are, and have been at all relevant times, the place its corporate books and records are located and where its executive and administrative functions are and have been performed.  *Id.* Consumer Direct Holdings, Inc. holds its board meetings in Missoula, Montana, and its corporate activities have been directed, controlled, and coordinated from there.  *Id. See, generally, Hertz v. Friend,* 130 S.Ct. 1181, 1192 (2010) (concluding that "principal place of business" is best read "as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and explaining that "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'").  Accordingly, Consumer Direct

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Holdings, Inc. is a citizen of the state of Montana for purposes of diversity jurisdiction. *See* Bledsoe Decl. ¶ 5.

20.    The Home Care Workers Purpose Trust is a Delaware Noncharitable Purpose Trust. Bledsoe Decl., ¶ 4, 6.    Noncharitable purpose trusts are authorized in Delaware by 12 Del. C. §3556.  The citizenship of a traditional trust is determined by that of its trustee.  *GBForefront, L.P. v. Forefront Management Group, LLC*, 888 F.3d 29, 39 (3d Cir. 2018) ("the citizenship of a traditional trust is only that of its trustee, while that of a business entity called a trust is that of its constituent owners."); *Parler, LLC v. Amazon Web Services*, No. 2:21-cv-270, 2021 U.S. Dist. LEXIS 191390, at *10 (W.D. Wash. Sep. 17, 2021).

21.    The Bryn Mawr Trust Company of Delaware is the trustee of the Home Care Workers Purpose Trust.  Bledsoe Decl., ¶ 4, 6.  The Bryn Mawr Trust Company of Delaware is a Delaware corporation with its principal place of business in Greenville, Delaware.  Goldstein Decl., ¶ 3, Exhibit D, Bledsoe Decl., ¶ 6.  It is therefore a citizen of the state of Delaware.  The Home Care Workers Purpose Trust is thus also a citizen of the state of Delaware.

22.    Thus, pursuant to 28 U.S.C. § 1332(c), Defendant and its members are citizens of the states of Delaware and Montana.  Defendant (including all of its members) is not a citizen of the state of Washington.

23.    There is diversity of citizenship between Plaintiff, a Washington resident and citizen, and Defendant, a citizen of Montana, with members who are citizens of the state of Delaware and Montana.  Further, there is complete diversity of citizenship because Plaintiff is a Washington citizen, and none of the putative Class members are citizens of Delaware or Montana.

**B.    The Proposed Class Membership is Sufficiently Large**

24.    CAFA's requirement that proposed class membership be no less than 100, 28 U.S.C. §1332(d)(5)(B), is satisfied here because the alleged putative class has more than 100 members.  *See* Exhibit A (Complaint, ¶ 4.5, 4.8, 5.5(a)).

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 6

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4864-4825-3993\

25.    Plaintiff seeks to represent "All hourly, non-exempt homecare employees who worked for Consumer Direct in Washington who experienced delays or discrepancies in their pay from October 1, 2021 to the date of certification of the class."  *Id*., Complaint, ¶ 5.2.  Plaintiff alleges that "the number of class members is reasonably estimated to exceed 40,000." *See* Exhibit A (Complaint, ¶ 4.5, 4.8, 5.5(a)).

**C.    Plaintiff's Complaint Seeks Damages in Excess of CAFA's $5 Million Jurisdictional Threshold**

26.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" 28 U.S.C. § 1446(a). *Porras v. Sprouts Farmers Mkt., LLC*, No. EDCV 16-1005 JGB (KKx), 2016 U.S. Dist. LEXIS 96805, at *3 (C.D. Cal. July 25, 2016).

27.    "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden is not considered "daunting" because a defendant is not required to "research, state, and prove the plaintiff's claims for damages." *Reyes v. Carehouse Healthcare Ctr., LLC*, No. SACV 16-01159-CJC (MRWx), 2017 U.S. Dist. LEXIS 103764, at *4 (C.D. Cal. July 5, 2017). Instead, for diversity jurisdiction, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014).

28.    Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 7

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4864-4825-3993\

federal jurisdiction. *See* Senate Judiciary Report, S. REP. 109-14, at 42 ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."); *Id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

29.     In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Armstrong v. Argosy Education Group Inc.*, No. C14-852 MJP, 2014 U.S. Dist. LEXIS 197566, at *5 (W.D. Wash. Aug. 5, 2014), citing *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. Mar. 8, 2012). When the complaint is "lacking in factual allegations," a defendant seeking removal is "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortgage Servs. LLC*, 2017 WL 59069, at *3 (C.D. Cal. Jan. 5, 2017).   Further, when a complaint "makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions." *Oda v. Gucci Am., Inc.,* No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015).  In calculating the amount in controversy, the court "looks not only to the amount of damages in dispute, but also to attorney's fees, costs, and statutory treble damages." *Segar v. Allstate Fire & Casualty Insurance Co.*, No. C21-1526JLR, 2022 U.S. Dist. LEXIS 5527, at *6 (W.D. Wash. Jan. 11, 2022) (internal citations omitted); *Armstrong v. Argosy Education Group Inc.*, 2014 U.S. Dist. LEXIS 197566, at *4 ("Attorneys' fees are permitted to be included in the calculation [citation omitted], exemplary and punitive damages and damages for emotional distress."). Removal is proper if the Court finds, "by a preponderance of the evidence, that the amount in controversy exceeds" $5 million.  28 U.S.C. §

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1446(c)(2)(B).

30.     While Defendant denies Plaintiff's factual allegations and denies that he or the putative class he purports to represent are entitled to any of the relief for which Plaintiff has prayed, it is clear that, when the potential value of even a portion of Plaintiff's claims and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5 million.[2]  *See Rhoades v. Progressive Casualty Ins., Co.*, 410 Fed. Appx. 10, 11 (9th Cir. Nov. 23, 2010) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (citation and quotation marks omitted).

### 1.     Evidence Demonstrating Amount in Controversy

31.     As set forth below, the calculation of damages based on Plaintiff's two causes of action demonstrates that the amount in controversy in this action far exceeds the minimum jurisdictional threshold of $5,000,000.

### a.     Plaintiff's First Cause of Action for Failure to Pay Wages Owed Places at Least $5,475,200 in Controversy

32.     Plaintiff alleges that "Despite the delays and phased-in transition, Consumer Direct has failed to properly pay homecare workers on time as promised and legally obligated.  Many workers were underpaid incorrect amounts or were not paid at all. Some of these workers have not been paid in months."  Exhibit A (Complaint ¶ 4.9).  Plaintiff also alleges that her "legal

---

[2]     This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 9

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4864-4825-3993\

employment was transferred from DSHS to [Defendant] in April 2021. She was not paid for weeks after this transition and was thereafter paid incorrect amounts." *Id.*, Complaint ¶ 5.5(b)(i).

33.     Plaintiff alleges that: "All of the Class Members' claims are based on the same facts and legal theories;" "[t]he injuries that Representative Plaintiff suffered are similar to the injuries that the Class Members suffered and continue to suffer" and that "Representative Plaintiff's claims are typical of the claims of Class Members in that her claims step from the same practice and course of conduct that forms the basis of the class claims." *Id.*, Complaint ¶¶ 5.5(b)(iii); 5.5 (b)(v); and 5.5(c)(v).

34.     In Count 1 of her First Cause of Action, for Timely Payment of Wages, Plaintiff alleges that Defendant, "having established bi-weekly pay days" failed to "pay its workers with in ten days of the conclusion of the workweek."  Plaintiff further alleges that "failure to do so deprived Representative Plaintiff and Class Members of pay for all regular and overtime hours, in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, RCW 49.46.130, and RCW 49.52.050." *Id.*, Complaint ¶ 6.2.

35.     In Count 2 of her First Cause of Action, for Correct Payment of Wages, Plaintiff alleges that Defendant's "consistent incorrect payment of wages to Representative Plaintiff and Class Members deprived thein of pay for all regular and overtime hours, in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, RCW 49.46.130 and RCW 149.52.050." *Id.*, Complaint ¶ 6.4.

36.     Plaintiff further alleges that based on her First Cause of Action, she and the putative Class Members "are entitled to unpaid wages at the applicable wage rates, prejudgment interest, costs, and attorneys' fees under Washington law, including RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070." *Id.*, Complaint ¶ 6.3, 6.5.

37.     Accordingly, by the express terms of her Complaint, Plaintiff asserts that Defendant has failed to pay some putative class members for "months" or "weeks" and were "thereafter paid

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

incorrect amounts."

38.     According to Defendant's business records and the applicable collective bargaining agreement, the lowest hourly rate of pay for the putative class members is $17.11 as of July 1, 2022.  *See* Bledsoe Decl., ¶ 10.

39.     Even assuming that just 20% of the class members (approximately 8,000 class members) went without pay for just one week—instead  of the "months" or "weeks" without pay alleged in Plaintiff's Complaint—that would result in an estimated 40 hours of work at the lowest hourly rate of pay of $17.11 per hour, for a total of $684.40 unpaid wages per putative class member (40 hours of unpaid work x $17.11 lowest hourly rate x 8,000 putative class members = $5,475,200).  Therefore, the total amount of unpaid wages pursuant to Plaintiff's First Cause of Action is at least $5,475,200.

40.     In fact, Plaintiff alleges that Defendant's "*consistent* incorrect payment of wages" deprived the Class of pay "for all regular and *overtime* hours."  Complaint 6.4 (emphasis added). Even setting aside Plaintiff's claim of unpaid overtime hours, if each putative class member went without pay for just one 8-hour day, at the lowest hourly rate of pay of $17.11 per hour, the total amount of unpaid wages pursuant to the First Cause of Action would be $136.88 per day per putative class member, or at least $5,475,200 in controversy. (8 hours of work x $17.11 lowest hourly rate x 40,000 putative Class members = $5,475,200).

   **b.     Plaintiff's Second Cause of Action for Willful Withholding of
   Wages Places at Least Another $5,475,200 in Controversy**

41.     Plaintiff alleges that her claims are typical of the Class and that once her "legal employment was transferred from DSHS to [Defendant] in April 2021 [ ] She was not paid for weeks after this transition and was thereafter paid incorrect amounts."  Exhibit A (Complaint ¶ 5.5(b)(i)).

42.     In her Second Cause of Action, Plaintiff alleges that Defendant's "conduct in failing

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 11

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4864-4825-3993\

to timely pay class member [sic] and paying class members incorrect amounts was willful." Complaint ¶ 7.2. Plaintiff seeks "compensatory damages, double damages, prejudgment interest, costs, and attorneys' fees under Washington law, including RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070." *Id.*, Complaint at ¶ 7.3.

43. In calculating the amount in controversy, courts look not only to the amount of damages in dispute, but also to statutory exemplary damages. *Segar v. Allstate Fire & Casualty Insurance Co.*, 2022 U.S. Dist. LEXIS 5527, at *6 (a court "looks not only to the amount of damages in dispute, but also to attorney's fees, costs, and statutory treble damages"); *Armstrong v. Argosy Education Group Inc.*, 2014 U.S. Dist. LEXIS 197566, at *4 ("Attorneys' fees are permitted to be included in the calculation [citation omitted], exemplary and punitive damages and damages for emotional distress.").

44. Although Defendant vehemently denies Plaintiff's claim that it willfully withheld wages, for purposes of removal, the Court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Armstrong v. Argosy Education Group Inc.*, 2014 U.S. Dist. LEXIS 197566, at *5. Thus, the amount in controversy pursuant to RCW 49.52.050 and 49.52.070 would be double the amount of wages willfully withheld for Plaintiff's Second Cause of Action.. Specifically, the Code provides:

> "[a]ny employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) **shall be liable in a civil action by the aggrieved employee** or his or her assignee **to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages**, together with costs of suit and a reasonable sum for attorney's fees[.]"

Wash. Rev. Code Ann. § 49.52.070 (emphasis added).

45. Here, even if only one hour of *regular* pay were withheld from each putative class member, the wages withheld would total $5,475,200, as outlined above. This means that the

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    amount in controversy pursuant to Plaintiff's Second Cause of Action would be doubled, for a

2    total of $10,950,400 ($5,475,200 x 2).

### c.    The Total Amount in Controversy, Including Attorneys' Fees, Far Exceeds $5 Million

46.    Plaintiff also seeks to recover "Reasonable attorneys' fees and costs pursuant to RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070."  Complaint, Prayer for Relief §F.  Attorneys' fees are properly included in determining the amount in controversy. *See  Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds* (attorneys' fees were properly included in the amount in controversy in a class action where statutorily authorized);  *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 698 (9th Cir. 2007); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5–6 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted); *Giannini v. Northwestern Mut. Life Ins. Co*., 2012 U.S. Dist. LEXIS 60143, at *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *Richardson v. Servicemaster Global Holdings Inc*., No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4 (N.D. Cal. Dec. 15, 2009) (citing *Brady* favorably to require a showing of attorneys' fees likely to be incurred to determine the amount in controversy).

47.    Here, Plaintiff seeks attorneys' fees with respect to both her First Cause of Action (Failure to Pay Wages Owed) and her Second Causes of Action (Willful Withholding of Wages). Exhibit A (Complaint, ¶¶ 6.3, 6.5, Prayer for Relief §F).

48.    Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *Johnson v. Tractor Supply Co.*, No. 19-cv-0270, 2019 U.S. Dist.

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 13

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4864-4825-3993\

LEXIS 77155, at *8 (W.D. Wash. May 7, 2019), citing *Garcia v. Lifetime Brands, Inc.*, No. EDCV 15-1924-JLS (SPx), 2016 U.S. Dist. LEXIS 2576, at *11 n.2 (C.D. Cal. Jan. 7, 2016) ("It is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'").

49.     As set forth above, Plaintiff's First Cause of Action alone seeks damages of at least $5,475,200 for unpaid wages and the Second Cause of Action adds another $5,475,200 for statutory exemplary damages for alleged willful withholding of wages, for a total of $10,950,400.

50.     Accordingly, the attorneys' fees claimed under Plaintiff's First and Second Causes of Action alone come to $2,737,600 (.25 x $10,950,400).

51.     Thus, it is undisputed that the total amount in controversy when attorneys' fees are included is at least $13,688,000, which is well above the minimum jurisdictional threshold under CAFA.

52.     As the preponderance of the evidence demonstrates, Plaintiff's total amount in controversy exceeds $5 million, and removal is proper.

## III.     ALTERNATIVELY, DEFENDANT HAS SATISFIED ALL REQUIREMENTS TO REMOVE THIS CASE ON DIVERSITY GROUNDS.

53.     Because Defendant is a citizen of Delaware and Montana, and Plaintiff is a citizen of Washington, and the putative class members work in Washington and are not citizens of Delaware or Montana, complete diversity exists under 28 U.S.C. § 1332(a).

54.     Additionally, the amount in controversy easily exceeds $75,000, exclusive of interest and costs. Thus, the amount-in-controversy requirement for federal diversity jurisdiction is satisfied. 28 U.S.C. § 1332.

55.     Because complete diversity exists between Plaintiff, the putative Class members and Defendant, and the matter in controversy exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, pursuant to 28 U.S.C. § 1446(a), Defendant

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

may remove this action to this Court.

56.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

57.    Venue currently lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(b) and § 1391 because the State Court Action was filed in this district. *See* 28 U.S.C. §128(b).

58.    Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of Washington for the County of King. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

59.    By this Notice of Removal, Defendant does not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

WHEREAS Defendant respectfully requests that the action now pending against it be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

DATED this 21st day of July, 2022              DORSEY & WHITNEY LLP


_/s/_ Aaron Goldstein
AARON D. GOLDSTEIN WSBA #34425
GOLDSTEIN.AARON@DORSEY.COM
**Dorsey & Whitney LLP**
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

*Attorney for Defendant CONSUMER DIRECT CARE NETWORK WASHINGTON, LLC, a Washington Limited Liability Company*

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 15

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4864-4825-3993\

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on this date I caused to be served the foregoing on the following counsel of

3   record by the method indicated:

4

5   Donald W. Heyrich          ☐ Via Messenger
    Jason A. Rittereiser       ☒ Via Federal Express
6   Rachel M. Emens            ☒ Via U.S. Mail
    Joseph W. Wright           ☐ Via Electronic Mail
7   HKM EMPLOYMENT ATTORNEYS LLP   ☐ Via ECF Notification
    600 Stewart Street, Suite 901
8   Seattle, WA 98101
    Phone: 206-838-2504
9   Fax: 206-260-3055
    dheyrich@hlcm.com
10  jrittereiser@hkm.com
    remens@hkm.com
11  jwright@hkm.com

12
    Peter D. Stutheit          ☐ Via Messenger
13  STUTHEIT KALIN LLC         ☒ Via Federal Express
    208 SW First Ave, Suite 260   ☒ Via U.S. Mail
14  Portland, Oregon 97204     ☐ Via Electronic Mail
    Phone: (503) 493-7488      ☐ Via ECF Notification
15  Fax: 503-715-5670
    peter@stutheitkalin.com
16

17
    Dated this 21st day of July, 2022.
18

19                                   /s/ Aaron Goldstein
                                     Aaron D. Goldstein
20

21

22

23

24

25

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 16
_____
4864-4825-3993\

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# EXHIBIT A

1
2
3
4
5
6
7

SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR KING COUNTY

8
9

DEBORAH JOHNSON MIRANDA, an individual,
on behalf of herself and others similarly situated,

NO.

10

Plaintiff,

**SUMMONS**

vs.

11

(20 DAYS)

CONSUMER DIRECT CARE NETWORK
WASHINGTON, LLC, a Washington Limited
Liability Company,

12
13

Defendant.

14

15
16
17

TO:    **Consumer Direct Care Network Washington, LLC**
        **c/o Corporation Service Company, Registered Agent**
        **300 Deschutes Way SW Ste 304**
        **Tumwater, WA 98501**

18        A lawsuit has been filed against you. A copy of the Plaintiff's Complaint accompanies

19    this summons.

20        In order to defend against this lawsuit, you must respond to the Complaint by stating your

21    defense in writing, and by serving a copy upon the person signing this summons within twenty

22    (20) days after the service of this summons, excluding the day of service, or a default judgment

23    may be entered against you without notice. A default judgment is one where Plaintiff is entitled

24    to what she asks for because you have not responded. If you serve a notice of appearance on the

25    undersigned person, you are entitled to notice before the judgment may be entered.

26        You may demand that the Plaintiff file this lawsuit with the court. If you do so, the

27    demand must be in writing and must be served upon the person signing this summons. Within

SUMMONS - 1

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

1   fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court,

2   or the service on you of this summons and complaint will be void.

3       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

4   that your written response, if any, may be served on time.

5       This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

6   of Washington.

7

8       Respectfully submitted this 28th day of June, 2022.

9                                       */s/ Jason A. Rittereiser*
                                        Donald W. Heyrich, WSBA No. 23091
10                                      Jason A. Rittereiser, WSBA No. 43628
                                        Rachel M. Emens, WSBA No. 49047
11                                      Joseph W. Wright, WSBA No. 55956
                                        **HKM EMPLOYMENT ATTORNEYS LLP**
12                                      600 Stewart Street, Suite 901
                                        Seattle, WA 98101
13                                      Phone: 206-838-2504
                                        Fax:    206-260-3055
14                                      Email: dheyrich@hkm.com
15                                              jrittereiser@hkm.com
                                                remens@hkm.com
16                                              jwright@hkm.com

17
                                        Peter D. Stutheit, WSBA No. 32090
18                                      **STUTHEIT KALIN LLC**
                                        208 SW First Ave, Suite 260
19                                      Portland, Oregon 97258-2040
                                        Phone: (503) 493-7488
20                                      Fax:    503-715-5670
                                        Email: peter@stutheitkalin.com
21

22                                      *Attorneys for Plaintiff*

23

24

25

26

27

SUMMONS - 2                                          **HKM EMPLOYMENT ATTORNEYS LLP**
                                                         600 Stewart Street, Suite 901
                                                         Seattle, Washington 98101
                                                         (206) 838-2504

1
2
3
4
5
6
7                   SUPERIOR COURT FOR THE STATE OF WASHINGTON
                              FOR KING COUNTY
8    DEBORAH JOHNSON MIRANDA, an                **CLASS ACTION**
9    individual, on behalf of herself and others
     similarly situated,
10                                              NO.
                            Plaintiff,
11        v.                                    COMPLAINT FOR DAMAGES
12   CONSUMER DIRECT CARE NETWORK
     WASHINGTON, LLC, a Washington Limited
13   Liability Company,
14                          Defendant.

Plaintiff DEBORAH JOHNSON MIRANDA ("Representative Plaintiff"), on behalf of

herself individually and others similarly situated, alleges as follows for her Complaint:

## I.    INTRODUCTION

1.1     Our community relies on home healthcare workers to care for our most vulnerable

members. Sadly, the long hours and low pay healthcare organizations give them in return to

provide their invaluable services to the community makes them similarly vulnerable, often living

paycheck to paycheck to make ends meet. Disruptions in pay can have a seismic effect on the

finances of these workers. Despite this, CONSUMER DIRECT CARE NETWORK OF

WASHINTON, LLC ("Consumer Direct") has failed to timely and correctly pay the home

healthcare workers, causing irreparable damage to thousands of families.

1.2     Representative Plaintiff brings this action to recover unpaid regular wages,

overtime wages, penalties, interest and attorneys' fees and costs and to redress Consumer

Direct's willful violations of Washington Law.

CLASS ACTION COMPLAINT - 1                          **HKM EMPLOYMENT ATTORNEYS LLP**
                                                        600 Stewart Street, Suite 901
                                                        Seattle, Washington 98101
                                                             (206) 838-2504

## II.     PARTIES

2.1     Plaintiff Deborah Johnson Miranda is an individual residing in Shoreline, Washington who worked for Defendant during the relevant time period. Plaintiff is an hourly, non-exempt employee of Consumer Direct in Washington within three years of the date of this Complaint. She brings this Complaint on her own behalf and on behalf of other homecare employees of Consumer Direct.

2.2     Defendant Consumer Direct Care Network Washington, LLC, is a Washington Limited Liability Company. On information and belief, Consumer Direct Care Network Washington, LLC is the legal employer for all putative class members.

## III.     JURISDICTION AND VENUE

3.1     The Superior Court of Washington has jurisdiction pursuant to RCW 2.08.010, and because Consumer Direct is a corporation and has purposefully availed itself of the privileges of doing business in King County. Consumer Direct employs all putative class members in Washington, and the unlawful acts alleged herein have a direct effect on individuals who work and live in Washington.

3.2     Venue is proper in King County pursuant to RCW 4.12.025.

## IV.     FACTS

4.1     Thousands of low-income Washingtonians rely on home healthcare workers. Whether the clients are disabled or elderly, the support these homecare workers provide allows their vulnerable clients the independence to stay in their homes while receiving the care that they need.

4.2     Homecare workers themselves are a vulnerable population, consisting of a high number of immigrants, people of color, non-native English speakers, and invariably low-paid workers. These workers are especially vulnerable to disruptions in their pay, often living paycheck to paycheck to make ends meet and deliver for their clients.

4.3     A high number of these workers are paid with Medicaid funds through the DSHS Developmental Disabilities Administration. Historically, these workers were employed both by

CLASS ACTION COMPLAINT - 2

HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

1 │ their clients and by the Washington DSHS. DSHS served as the legal employer, responsible for,

2 │ *inter alia*, the timely payment of wages, while the client was responsible for the day-to-day

3 │ direction and supervision of the work.

4 │      4.4     In 2018, the Washington Legislature passed ESSB 6199, authorizing DSHS to

5 │ contract out with a private entity to serve as the legal employer for these workers.

6 │      4.5     In 2019, Consumer Direct Care Network, a Montana Corporation, bid on, and was

7 │ awarded, a contract worth $500 million. Under this contract, Consumer Direct was to become the

8 │ legal employer for the vast majority of approximately 40,000 Washington DSHS homecare

9 │ workers.

10 │      4.6     Consumer Direct Care Network thereafter formed Consumer Direct Care Network

11 │ Washington, LLC, to serve as the legal employer of Washington homecare workers under the

12 │ contract.

13 │      4.7     Consumer Direct and DSHS worked collaboratively to transition homecare

14 │ workers from DSHS to Consumer Direct. The process was delayed on at least one occasion to

15 │ ensure that Consumer Direct had ample time to accept the responsibilities associated with being

16 │ the legal employer for these workers, including, *inter alia*, the biweekly payment of wages

17 │ earned.

18 │      4.8     DSHS and Consumer Direct agreed on a phased model to transfer homecare

19 │ workers to legal employment with Consumer Direct. The Phase One "pilot" of about 250

20 │ workers occurred from August to October 2021. The second phase of about 16,000 workers

21 │ occurred from November 2021 to February 2022, the third phase of about 30,000 workers

22 │ occurred from January to April 2022. This phased-in approach was designed to further ease the

23 │ burden on Consumer Direct and ensure it had ample time to fulfill its responsibilities as a legal

24 │ employer.

25 │      4.9     Despite the delays and phased-in transition, Consumer Direct has failed to

26 │ properly pay homecare workers on time as promised and legally obligated. Many workers were

27 │

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

1  underpaid incorrect amounts or were not paid at all. Some of these workers have not been paid in

2  months.

3      4.10    Representative Plaintiff's legal employment was transferred from DSHS to

4  Consumer Direct on April 1, 2022. Since then, she has been underpaid. In May 2022, Consumer

5  Direct failed to pay her for all hours worked, which resulted in her working without pay the

6  entire month of May. She was finally paid in June, but in an incorrect amount.

7      4.11    Numerous press outlets have reported on Consumer Direct's failure to timely pay

8  homecare workers. As part of this press coverage, DSHS, Consumer Direct, and the union

9  representing the workers have all made public statements acknowledging that Consumer Direct

10  has failed to timely and correctly pay Washington homecare workers during this period.

11      4.12    The results for this already vulnerable class of workers have been catastrophic.

12  Many have still not been paid for their work or have been paid incorrect amounts. Even those

13  who were eventually paid suffered severe financial hardship from the inability to meet their

14  financial obligations, having to take out loans, or missing bill payments entirely. On information

15  and belief, this has caused numerous workers to lose housing, transportation and employment,

16  and to suffer adverse impacts to their credit.

17      4.13    Consumer Direct has failed to meet its obligations to Washington's homecare

18  workers, but it is the workers who are paying the price.

19                      **V.       CLASS ALLEGATIONS**

20      5.1    Representative Plaintiff brings this action on her own behalf, as well as on behalf

21  of all other similarly situated employees.

22      5.2    Representative Plaintiff's proposed class is defined as follows:

23          All hourly, non-exempt homecare employees who worked for
            Consumer Direct in Washington who experienced delays or
24          discrepancies in their pay from October 1, 2021 to the date of
            certification of the class.
25

26

27

CLASS ACTION COMPLAINT - 4

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

5.3     All members of the class are collectively referred to as "Class Members." As used in this Complaint, the "relevant time period" is from October 1, 2021 until certification of the class in this lawsuit.

5.4     As enumerated above, Consumer Direct engaged in common acts, practices and policies that violated the Representative Plaintiff's and Class Members' rights under Washington state wage and hour laws. Accordingly, Representative Plaintiff seeks certification of the proposed class under CR 23.

5.5     Representative Plaintiff's claims meet the requirements for certification. There is a well-defined community of interest in the litigation and the Class Members are readily ascertainable.

    a.   Numerosity: The Class is so numerous that joinder of all Class Members is infeasible and impractical. The membership of the class is unknown to Plaintiff at this time. However, based on Plaintiff's investigation, and on information and belief, the number of class members is reasonably estimated to exceed 40,000. The identity of Class Members is readily ascertainable from Consumer Direct's employment records.

    b.   Typicality: Representative Plaintiff's claims are typical of those of the other Class Members because:

        i.   Representative Plaintiff is a member of the putative class. Deborah Johnson Miranda is an hourly, non-exempt homecare employee in Washington whose legal employment was transferred from DSHS to Consumer Direct in April 2021. She was not paid for weeks after this transition and was thereafter paid incorrect amounts.

        ii.   Representative Plaintiff's claims stem from the same practices or course of conduct that form the basis of the class claims.

        iii.   All of the Class Members' claims are based on the same facts and legal theories.

CLASS ACTION COMPLAINT - 5

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

1           iv. There is no antagonism between Representative Plaintiff's interests and

2              the Class Members, because their claims are for damages provided to each

3              individual employee by statute.

4           v. The injuries that Representative Plaintiff suffered are similar to the

5              injuries that the Class Members suffered and continue to suffer, and they

6              are relatively small compared to the expenses and burden of individual

7              prosecutions of this litigation.

8        c. <u>Adequacy</u>: Representative Plaintiff will fairly and adequately protect the

9    interests of the Class because:

10          i. There is no conflict between Representative Plaintiff's claims and those of

11             the other Class Members.

12          ii. Representative Plaintiff acknowledges that she has an obligation to make

13             known to the Court any relationship, conflicts, or differences with any

14             Class Member.

15         iii. Representative Plaintiff agrees to actively participate in the case and

16             protect the interests of the putative Class Members.

17         iv. Representative Plaintiff has retained counsel experienced in handling

18             wage-and-hour class actions who have already devoted substantial time

19             and resources to investigating the Class Members' claims and who will

20             vigorously prosecute this litigation.

21          v. Representative Plaintiff's claims are typical of the claims of Class

22             Members in that her claims stem from the same practice and course of

23             conduct that forms the basis of the class claims.

24       d. <u>Superiority</u>: Class action adjudication is superior to other methods of

25   adjudication for at least the following reasons:

26

27

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

i. The common questions of law and fact described below predominate over questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages.

ii. The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

iii. Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Representative Plaintiff and her attorneys will vigorously pursue the claims on behalf of the Class Members.

iv. A class action will be an efficient method of adjudicating the claims of the Class Member employees.

e. Public Policy Considerations: Employers in Washington regularly violate wage and hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights, while at the same time, protection of their privacy.

f. Predominance: There are questions of law and fact common to the Class Members, which predominate over any issues involving only individual class members, including but not limited to:

i. Whether Consumer Direct has a legal obligation to pay its employees on regularly established pay days;

ii. Whether Consumer Direct have failed to pay its employees for all hours worked;

CLASS ACTION COMPLAINT - 7

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

iii. Whether Consumer Direct failed to timely pay its employees on established pay days;

iv. Whether Consumer Direct failed to pay its employees for the correct number of hours at each regularly established pay day;

v. Whether Consumer Direct failed to pay its employees the appropriate rate of pay for all hours worked at each established pay day;

vi. Whether Consumer Direct violated Washington wage and hour laws; and

vii. Whether Consumer Direct's conduct was willful.

## VI.     FIRST CAUSE OF ACTION – FAILURE TO PAY WAGES OWED IN VIOLATION OF WASHINGTON LAW

6.1     Representative Plaintiff realleges paragraphs 1.1 through 5.5 of the Complaint and hereby incorporates the same by reference.

### Count 1 – Timely Payment of Wages
*On behalf of Representative Plaintiff in her individual capacity and on behalf of All Class Members*

6.2     Consumer Direct, having established bi-weekly pay days, is required by WAC 296-126-023 and WAC 296-128-035 to pay its workers within ten days of the conclusion of the workweek. Consumer Direct's failure to do so deprived Representative Plaintiff and Class Members of pay for all regular and overtime hours, in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, RCW 49.46.130, and RCW 49.52.050.

6.3     As a result of Consumer Direct's conduct as described above, Representative Plaintiff and Class Members are entitled to unpaid wages at the applicable wage rates, prejudgment interest, costs, and attorneys' fees under Washington law, including RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070.

### Count 2 – Correct Payment of Wages
*On behalf of Representative Plaintiff in her individual capacity and on behalf of All Class Members*

6.4     Consumer Direct's consistent incorrect payment of wages to Representative Plaintiff and Class Members deprived them of pay for all regular and overtime hours, in violation

CLASS ACTION COMPLAINT - 8

1    of Washington law, including RCW 49.46.020, RCW 49.46.090, RCW 49.46.130 and RCW

2    49.52.050.

3        6.5    As a result of Consumer Direct's conduct as described above, Representative

4    Plaintiff and Class Members are entitled to unpaid wages at the applicable wage rates,

5    prejudgment interest, costs, and attorneys' fees under Washington law, including RCW

6    49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070.

7    **VII.    SECOND CAUSE OF ACTION – WILLFUL WITHHOLDING OF**

8    **WAGES IN VIOLATION OF WASHINGTON LAW**

9    ***On behalf of Representative Plaintiff in her individual capacity and on behalf***
    ***of All Class Members***

10        7.1    Representative Plaintiff realleges paragraphs 1.1 through 6.5 of the Complaint and

11    hereby incorporates the same by reference.

12        7.2    Consumer Direct's conduct in failing to timely pay class member and paying class

13    members incorrect amounts was willful.

14        7.3    As a result, Representative Plaintiff and Class Members are entitled to

15    compensatory damages, double damages, prejudgment interest, costs, and attorneys' fees under

16    Washington law, including RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070.

17    **PRAYER FOR RELIEF**

18    **WHEREFORE,** Representative Plaintiff prays for relief as follows:

19    A.    That this action be certified as a Class Action;

20    B.    That Deborah Johnson Miranda be appointed as representative of the Class

21    Members;

22    C.    That the undersigned counsel for Representative Plaintiff be appointed as Class

23    Counsel;

24    D.    A judgment awarding Representative Plaintiff and Class Members compensatory

25    damages in an amount to be proven at trial, together with prejudgment interest at

26    the maximum rate allowed by law;

27    E.    Statutory penalties as permitted by law;

CLASS ACTION COMPLAINT - 9

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

F.      Reasonable attorneys' fees and costs pursuant to RCW 49.12.150, RCW

49.46.090, RCW 49.48.030, RCW 49.52.070; and

G.      Whatever further and additional relief the court shall deem just and equitable.

DATED this 28th day of June, 2022.

/s/ Jason A. Rittereiser
Donald W. Heyrich, WSBA No. 23091
Jason A. Rittereiser, WSBA No. 43628
Rachel M. Emens, WSBA No. 49047
Joseph W. Wright, WSBA No. 55956
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, WA 98101
Phone: 206-838-2504
Fax:    206-260-3055
Email: dheyrich@hkm.com
          jrittereiser@hkm.com
          remens@hkm.com
          jwright@hkm.com

Peter D. Stutheit, WSBA No. 32090
**STUTHEIT KALIN LLC**
208 SW First Ave, Suite 260
Portland, Oregon 97204
Phone: 503-493-7488
Fax:    503-715-5670
Email: peter@stutheitkalin.com

*Attorneys for Plaintiff Deborah Johnson Miranda*

CLASS ACTION COMPLAINT - 10

# EXHIBIT B

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| DEBORAH JOHNSON MIRANDA | NO. 22-2-09950-0  SEA |
| Plaintiff(s) | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | ASSIGNED JUDGE: DIAZ, Dept. 38 |
| Consumer Direct Care Network Washington, LLC | |
| | FILED DATE: 06/28/2022 |
| Defendant(s) | TRIAL DATE:06/26/2023 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
    **You are required to give a copy of these documents to all parties in this case.**

3

**I. NOTICES (continued)**

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 06/28/2022 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | 12/06/2022 |
| * | DEADLINE to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 12/06/2022 |
| | DEADLINE for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 12/20/2022 |
| | DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 01/23/2023 |
| | DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 03/06/2023 |
| | DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | 03/20/2023 |
| | DEADLINE for a Change in Trial Date [See KCLCR 40(e)(2)]. | 03/20/2023 |
| | DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | 05/08/2023 |
| | DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 05/30/2023 |
| | DEADLINE: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 06/05/2023 |
| * | DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 06/05/2023 |
| | DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 06/12/2023 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 06/20/2023 |
| | DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 06/20/2023 |
| | Trial Date [See KCLCR 40]. | 06/26/2023 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

### III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:     06/28/2022

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule

3

7 governs these motions, which include discovery motions.  The local civil rules can be found at
www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine,
motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the
assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local
Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be
found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will usually be allowed only
upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex
Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be
addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents: All original documents must be filed
with the Clerk's Office.**  Please see information on the Clerk's Office website at
www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file
documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on
the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of
the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned
judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of
motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions
Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at
www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be
electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to
accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please
see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested
relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed
order with the Clerk of the Court**.   Should any party desire a copy of the order as signed and filed by the
judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute
orders electronically.  Review the judge's website for information:
www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex
Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented
to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk
application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If
the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an
order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented
to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte
via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-
attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting
the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof
are entered in the Ex Parte and Probate Department, counsel is responsible for providing the
assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200
words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

3

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____
PRESIDING JUDGE

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Deborah Johnson Miranda | No. 22-2-09950-0  SEA |
| | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| vs | |
| | (CICS) |
| Consumer Direct Care Network Washington | |

**CAUSE OF ACTION**

TTO - Tort /Other

**AREA OF DESIGNATION**

SEA          Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

# EXHIBIT C

## SOP History Transmittal Detail

View PDF

**Transmittal Number:** 25180464
**Entity:** CONSUMER DIRECT CARE NETWORK WASHINGTON, LLC
**Entity ID Number:** 4200850
**Entity Served:** CONSUMER DIRECT CARE NETWORK WASHINGTON, LLC
**Title of Action:** DEBORAH JOHNSON MIRANDA v. CONSUMER DIRECT CARE NETWORK WASHINGTON, LLC
**Document(s) Type:** Summons/Complaint
**Nature of Action:** Class Action
**Court/Agency:** King County Superior Court
**Case/Reference No:** 22-2-09950-0 SEA
**Jurisdiction Served:** Washington
**Date Served on CSC:** 07/01/2022
**Answer or Appearance Due:** 20
**Originally Served On:** CSC
**How Served:** PERSONALSERVICE
**Sender Information:** HKM Employment Attorneys LLP
**Sender Phone Number:** 206-838-2504
**Enclosures:** N/A
**Client Requested Information:** N/A
**Transmittal Notes:** N/A
**Acknowledged By:** SHOLLY52

**Primary Contact:**

| DOCUMENT | PAPERS SENT VIA | TRACKING NUMBER | CONTACT ATTN | COMPANY NAME | ADDRESS |
|---|---|---|---|---|---|
| SOP Original Transmittal | EDELIVERY | | Holly Stephens | Consumer Direct Care Network | 100 Consumer Direct Way Ste 365Missoula MT 59808-5037 USA |

**Copy of transmittal only provided to:**

| DOCUMENT | PAPERS SENT VIA | TRACKING NUMBER | CONTACT ATTN | COMPANY NAME | ADDRESS |
|---|---|---|---|---|---|

**Docket History:**

| DOCUMENT | PAPERS SENT VIA | TRACKING NUMBER | CONTACT ATTN | DATE SERVED ON CSC | TRANSMITTAL NUMBER |
|---|---|---|---|---|---|